# DE FERRANTI *v.* LINDMARK.*

---

APPEAL AND ERROR; PATENTS.

This court has no original jurisdiction to direct and supervise the administration of the affairs of the Patent Office; and therefore cannot, in an interference case, after it has reversed an award of priority by the Commissioner, following the granting by him of a motion for judgment on the record, instruct the Commissioner, on the petition of the appellee, to allow him to proceed with the taking of testimony in order to establish his right to priority over the other party.

No. 439. Patent Appeals. Submitted May 19, 1908. Decided June 2, 1908.

---

*See S. C., 30 App. D. C. 417.

HEARING on a petition by the appellee in an interference case for an order directing the Commissioner of Patents to permit the appellee to take testimony in support of his claim of priority.                                                     *Denied.*

*Mr. Ernest Wilkinson, Mr. S. T. Fisher,* and *Mr. G. J. Harding* for the petition.

*Mr. James M. Spear, Mr. Melville Church,* and *Mr. Ellis Spear* opposed.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The issue in controversy between the above parties was decided by this court on appeal from a decision of the Commissioner of Patents on February 11, 1908. Priority had been awarded to Lindmark in all the tribunals of the Patent Office on his motion for judgment on the record. On appeal the decision of the Commissioner was reversed by this court, and the proceedings certified to the Patent Office, as by law required. Lindmark now comes here by an original petition, after the judgment of reversal has become final, asking us to instruct the Commissioner of Patents to allow him to proceed with the taking of testimony in order to establish his right to priority over De Ferranti. It is insisted that the judgment of reversal was not a final judgment awarding priority to De Ferranti, but a mere denial of the motion of Lindmark for judgment on the record, and that the case should be now opened and the parties allowed to proceed with the taking of testimony. This court has jurisdiction of appeals from the Commissioner of Patents in certain matters defined by statute, but it has no original jurisdiction to direct and supervise the administration of the affairs of the Patent Office. The allowance of this petition, and the issuance of an order such as prayed for therein, would be an assumption of power such as this court does not possess. The petition is *denied, and it is so ordered.*